UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PENDLETON HEIGHTS GAY-STRAIGHT
ALLIANCE, an unincorporated association,

    Plaintiff,

    v.

SOUTH MADISON COMMUNITY SCHOOL
CORPORATION; PRINCIPAL, PENDLETON
HEIGHTS HIGH SCHOOL, in her official
capacity,

    Defendants.

Case No: 1:21-cv-02480-JRS-TAB

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendants South Madison Community School Corporation, and Principal, Pendleton Heights High School, in her official capacity, ("Defendants"), by counsel, hereby submit their Answer to Plaintiff's Complaint for Injunctive and Declaratory Relief, as follows:

**Introduction**

1. The Pendleton Heights Gay-Straight Alliance (PHGSA) recently has resumed meeting, with a faculty sponsor, after school hours at Pendleton Heights High School, the public high school serving the South Madison Community School Corporation. PHGSA is a place for gay, lesbian, bisexual, transgender, non-binary and allied students to meet and provide social, emotional, and educational support to one another. The South Madison Community School Corporation School Board has delegated to the Principal of Pendleton Heights High School the responsibility of determining which student groups are allowed to meet at the school and are deemed to be "official." Although the Principal has given permission

1

for PHGSA to meet, she has indicated that inasmuch as it is not an "official" club it cannot publicize its existence on school bulletin boards or on the school's radio station, like other curricular and a number of non-curricular clubs at the school. Also, unlike those other groups, it is not allowed to fundraise on school property.

**ANSWER: Defendants admit that the PHGSA is not a corporation-sponsored club and as such it must follow the same rules as other noncorporation-sponsored clubs. Defendants deny that the PHGSA has been treated differently than other noncorporation-sponsored clubs. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 1 of Plaintiff's Complaint.**

2. The differential treatment meted out to PHGSA violates the First Amendment rights of PHGSA and its members as well as the rights of PHGSA and its members under the Equal Access Act, 20 U.S.C. § 4071, *et seq.* The unequal treatment of PHGSA, as opposed to a number of other non-curricular clubs, also violates the equal protection rights of PHGSA and its members. Declaratory and injunctive relief should issue so that PHGSA is treated the same as all other curricular and non-curricular clubs.

**ANSWER: Defendants deny the allegations in paragraph 2 of Plaintiff's Complaint.**

**Jurisdiction, cause of action, and venue**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

**ANSWER: Defendants admit that as pled this case involves a federal question of law and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.**

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER: Defendants admit that venue is proper in this district.**

5. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57

of the Federal Rules of Civil Procedure.

**ANSWER: Defendants admit that as pled Plaintiff is seeking declaratory relief, but Defendants deny that such relief is appropriate in this case.**

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

**ANSWER: Defendants admit that as pled this case involves a claimed violation of Constitutional rights and that this action is brought pursuant to 42 U.S.C. § 1983, but Defendants deny that any such violation has occurred.**

**Parties**

7. The Pendleton Heights Gay-Straight Alliance is an unincorporated voluntary association of students who attend Pendleton Heights High School.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in paragraph 7 of Plaintiff's Complaint.**

8. The South Madison Community School Corporation is a public-school corporation located in Madison County, Indiana.

**ANSWER: Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.**

9  The Principal of Pendleton Heights High School is the duly appointed principal of the South Madison Community School Corporation's high school.

**ANSWER: Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.**

**Factual allegations**

10. Pendleton Heights High School is a public high school, located in Pendleton, Indiana, with approximately 1,400 students in grades 9 through 12.

**ANSWER: Defendants admit the allegations in paragraph 10 of Plaintiff's Complaint.**

11. It is the high school that serves students in the South Madison Community School Corporation.

**ANSWER: Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint, based on the assumption that "it" refers to "Pendleton Heights High School."**

12. Students attending Pendleton Heights High School may participate in a number of curricular and non-curricular clubs that meet at the school during non-instructional time.

**ANSWER: Defendants admit the allegations in paragraph 12 of Plaintiff's Complaint.**

13. The United States Supreme Court has instructed that a noncurricular student group is:

> any student group that does not *directly* relate to the body of courses offered by the school. In our view, a student group directly relates to a school's curriculum if the subject matter of the group is actually taught, or will soon be taught, in a regularly offered course; if the subject matter of the group concerns the body of courses as a whole; if participation in the group is required for a particular course or if participation in the group results in academic credit.

*Bd. of Educ. of Westside Community Schools v. Mergens*, 496 U.S. 226, 230-40 (1990) (emphasis by the Court).

**ANSWER: Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.**

14. Clubs that do not directly relate to the school's curriculum include, among others,

4

SADD (Students Against Destructive Decisions), E-gaming, Robotics, Best Buddies (students working with special needs students), Mat Maids (supporters of the wrestling team), and Outdoor Adventure Club.

**ANSWER: Defendants deny that Mat Maids is a club at Pendleton Heights High School. Defendants deny the remaining allegations in paragraph 14 of Plaintiff's Complaint.**

15.  The South Madison Community School Corporation has delegated to the Principal of Pendleton Heights High School the responsibility of determining what non-curricular clubs may meet at the school after instructional time.

**ANSWER: Defendants admit that the South Madison Community School Corporation policy provides, "An application for permission for noncorporation-sponsored student clubs and activities to meet on school premises shall be made to the principal, who shall grant permission provided that s/he determines that: the activity has been initiated by students; attendance at the meeting is voluntary; no agent or employee of the Corporation will promote, lead, or participate in the meeting: the meeting does not materially and substantially interfere with the orderly conduct of instructional activities in the school; and nonschool persons do not direct, conduct, control, or regularly attend the activity." Defendants deny the remaining allegations in paragraph 15 of Plaintiff's Complaint.**

16.  In the past there has been a Gay-Straight Alliance at the High School, although it has been moribund for some time.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint.**

17.     The purpose of a high school Gay-Straight Alliance is to provide a place within the school for gay, lesbian, bisexual, transgender, non-binary and allied student-community members to meet and provide social, emotional, and educational support to one another.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint.**

18.     During the current school year, the Principal of the High School authorized the PHGSA to resume meeting at the school during non-instructional time.

**ANSWER: Defendants admit the Principal of the High School granted permission to PHGSA to meet at the school during non-instructional time. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 18 of Plaintiff's Complaint.**

19.     It has met one time so far this school year.

**ANSWER: Defendants admit the allegations in paragraph 19 of Plaintiff's Complaint, based on the assumption that "it" refers to the PHGSA.**

20.     The PHGSA has a faculty sponsor in whose classroom the group meets.

**ANSWER: Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.**

21.     Although the Principal has recognized PHGSA as a non-curricular club, she has indicated that inasmuch as it is not, in her estimation, an "official" club, it is not allowed to advertise on the school's bulletin boards, on the school's radio station, or anywhere on school property.

**ANSWER: Defendants admit that the PHGSA is not a corporation-sponsored club and as such it must follow the same rules as other noncorporation-sponsored clubs.**

**Defendants deny that the PHGSA has been treated differently than other noncorporation-sponsored clubs. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 21 of Plaintiff's Complaint.**

22. Additionally, inasmuch as the Principal has determined that PHGSA is not an "official" club, it is not allowed to raise funds on school property.

**ANSWER: Defendants admit that the PHGSA is not a corporation-sponsored club and as such it must follow the same rules as other noncorporation-sponsored clubs. Defendants deny that the PHGSA has been treated differently than other noncorporation-sponsored clubs. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 22 of Plaintiff's Complaint.**

23. Clubs that are deemed to be "official" clubs, whether curricular or not, are allowed to post information on school bulletin boards and advertise on the school's radio station and elsewhere on school property. These clubs are also allowed to fund-raise.

**ANSWER: Defendants admit that corporation-sponsored clubs may engage in activities that noncorporation-sponsored clubs cannot and that some of those activities include posting information on school bulletin boards and fund-raising. Defendants deny the remaining allegations in paragraph 23 of Plaintiff's Complaint.**

24. As an "unofficial" club, PHGSA is not listed as a club or organization in the Pendleton Heights High School Student Handbook where "official" clubs are listed.

**ANSWER: Defendants admit that the School policy provides for corporation-sponsored club, but not noncorporation-sponsored clubs, may be listed in the Pendleton Heights High School Student Handbook. Defendants admit that the PHGSA, as a noncorporation sponsored club, is not listed in the Handbook. Defendants deny the**

**remaining allegations in paragraph 24 of Plaintiff's Complaint.**

25. There are other unofficial clubs allowed to meet at the school including Fellowship of Christian Athletes.

**ANSWER: Defendants admit that the South Madison Community School Corporation policy provides that noncorporation-sponsored student clubs and activities can be provided permission to meet on school premises and that that the Fellowship of Christian Athletes is one such club. Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Complaint.**

26. Due to the inability to advertise and expose students to its existence and purpose, PHGSA's membership is less than it would be if it was treated as an "official" club.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in paragraph 26 of Plaintiff's Complaint.**

27. Due to the inability of the PHGSA to advertise and attract student members it is severely hindered in its beneficial function to be a place of shelter, support, and education, not just for gay, lesbian, transgender, and non-binary students, but for all Pendleton Heights High School students.

**ANSWER: Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.**

28. The fact that the Principal allows PHGSA and other noncurricular student groups to meet on school premises during noninstructional time creates a "limited open forum" as that term is defined in the Equal Access Act, 20 U.S.C. § 4071.

**ANSWER: This paragraph of Plaintiff's Complaint contains legal assertions, not factual allegations and Defendants are without sufficient information to admit or deny the**

statement contained in paragraph 28 of Plaintiff's Complaint.

29. Pendleton Heights High School is a public secondary school that receives federal financial assistance.

**ANSWER: Defendants admit the allegations in paragraph 29 of Plaintiff's Complaint.**

30. PHGSA is being caused irreparable harm for which there is no adequate remedy at law.

**ANSWER: Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.**

31. At all times defendants have acted, and have refused to act, under color of state law.

**ANSWER: Defendants admit the allegations in paragraph 31 of Plaintiff's Complaint.**

**Legal claims**

32. Because defendants allow at least one non-curricular student group to meet on school premises during non-instructional time, Pendleton Heights High School is a limited open forum pursuant [to] the Equal Access Act, 20 U.S.C. § 4701, and defendants' failure to allow PHGSA the same access to school facilities and avenues of communications provided to other student groups violates the Act.

**ANSWER: This paragraph of Plaintiff's Complaint contains legal assertions, not factual allegations and Defendants are without sufficient information to admit or deny the statement contained in paragraph 32 of Plaintiff's Complaint.**

33. Defendants' failure to allow PHGSA the same access to school facilities

and avenues of communications provided to other student groups violates rights secured to PHGSA and its members by the First Amendment to the United States Constitution.

**ANSWER: Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.**

34. The distinction made by defendants between official and unofficial clubs violates the equal protection rights of PHGSA and its members.

**ANSWER: Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.**

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest possible opportunity.

2. Declare the defendants have violated federal law and the United States Constitution for the reasons noted above.

3. Enter a preliminary injunction, later to be made permanent, requiring defendants to allow the Pendleton Heights Gay-Straight Alliance to have the same access to school facilities and avenues of communication, including fundraising opportunities, provided to curricular and official clubs.

4. Award plaintiff its costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

**ANSWER: Defendants deny that Plaintiff is entitled to any remedy requested.**

WHEREFORE, Defendants, South Madison Community School Corporation, and the

Principal, Pendleton Heights High School, in her official capacity, by counsel, pray that Plaintiff take nothing by way of its Complaint, for judgment in favor of the Defendants, for cost of this action, and for all relief that is justified in the premises.

Principal, Pendleton Heights High School, in her official capacity, by counsel, pray that Plaintiff take nothing by way of its Complaint, for judgment in favor of the Defendants, for cost of this action, and for all relief that is justified in the premises.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2021, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Kenneth J. Falk
kfalk@aclu-in.org
Stevie J. Pactor
spactor@aclu-in.org
ACLU OF INDIANA
1031 E. Washington St.
Indianapolis, IN 46202
*Attorneys for Plaintiff*

*Liberty L. Roberts*
Liberty L. Roberts

Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
Email: LRoberts@cchalaw.com